# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KATHERINE BROWN, | ) |
| | ) CASE NO. 1:03 CV 2600 |
| Plaintiff, | ) |
| | ) |
| v. | ) MAGISTRATE JUDGE VECCHIARELLI |
| | ) |
| CITY OF CLEVELAND, | ) |
| | ) |
| Defendants. | ) **ORDER** |

On April 13, 2005, Plaintiff, through counsel, (1) filed a motion for leave to file an amended complaint to include a claim of retaliatory discharge, with a brief in support and (2) attached a proposed amended complaint.[1]  (Doc. No. 31.)  The City of Cleveland ("the City") filed a brief opposing Plaintiff's leave to amend.  For the following reasons, Plaintiff's motion for leave to file an amended complaint to include a claim of retaliatory discharge (Doc. No. 31) is GRANTED.

The City claims that it would be unduly prejudiced if this Court allows Plaintiff to amend her complaint to include the retaliation claim.  The City asserts that this claim is a new cause of action and it

---

[1] As noted in this Court's Memorandum of Opinion granting the City's Motion for Summary Judgment, Plaintiff did not plead a retaliation claim in her complaint, but argued in her response brief, in conclusory fashion, that she was discharged in retaliation for complaining about sexual harassment and a hostile work environment and for bringing a grievance against a co-worker.  This Court indicated that if Plaintiff wished to pursue a retaliation claim, it would consider granting leave to amend the complaint, but Plaintiff was required to: (1) file a motion for leave to file amended complaint stating the reasons leave should be granted and provide factual support, *e.g.*, affidavits and/or citations to deposition transcripts, and legal analysis for the claim and (2) attach a copy of a proposed amended complaint.

does not have sufficient time to do discovery and analysis to counter such claim.  The City claims that it would have inquired into the alleged retaliation at Plaintiff's deposition.

Further, the City asserts that Plaintiff is barred from presenting a retaliation claim at this point. Plaintiff initially filed a complaint with the Ohio Civil Rights Commission ("OCRC"), alleging sex discrimination and retaliation.  On September 24, 2003, the U.S. Equal Employment Opportunity Commission ("EEOC") adopted the OCRC's findings and provided Plaintiff with a right to sue letter, stating that Brown must file a lawsuit based on the charge within ninety days or the charge would be lost.  The City asserts that Plaintiff timely filed the lawsuit, but that the addition of a retaliation claim is untimely by almost two years.

The time limitation for filing a charge with the EEOC is not jurisdictional but rather a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *Banks v. Rockwell Int. North American Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988). The factors to be considered in deciding whether equitable tolling should be applied are: the lack of actual or constructive knowledge of the issuance of the right to sue letter; the party's diligence in pursuing his rights; the prejudice to the defendant; and the reasonableness of the party's ignorance. *EEOC v. Kentucky State Police Dep't.*, 80 F.3d 1086, 1094 (6th Cir. 1996).

In the instant action, Plaintiff claims that the City would not be prejudiced if this Court granted leave to amend because (1) the retaliation claim is based on facts included in the original complaint and (2) the City could ascertain further relevant facts from its own agents and employees.  Plaintiff's counsel alleges that he thought, in good faith, that he raised a retaliation claim on Plaintiff's behalf in the original complaint.  Plaintiff's counsel cites to the following language in the factual allegations of the complaint:

2

"Plaintiff stated that the charge was false and manufactured to facilitate her discharge by Defendant." This Court cannot infer from this sole statement that Plaintiff alleged or reasonably believed she alleged a claim for retaliation, *i.e.*, that she was alleging the City discharged her in retaliation for her complaints about sexual harassment. In fact, Plaintiff specifically states in the complaint that her discharge "was the result of sexual harassment and a cavalier regard for its female employees by Defendants and its agents." At most, this alleges sexual harassment as a basis for her discharge. If Plaintiff wished to raise a retaliation claim, she would have stated that her discharge was also in retaliation for her complaints about sexual harassment. Plaintiff's counsel failed to do so.

Nevertheless, Plaintiff should not be punished for her counsel's failure to include the retaliation claim in the original complaint. Plaintiff raised the retaliation claim with the OCRC. Moreover, the City will not be unduly prejudiced if this Court grants leave to amend. Although the retaliation claim is a new cause of action, it is based on events that are included in her original complaint alleging sexual harassment. Further, the Court will allow the City to take Plaintiff's deposition, if necessary. Further, the City may gather further facts from its own agents and employees.

In regard to the City's time limitation argument, the City failed to cite any authority in support of the contention that a plaintiff may not amend his or her complaint to include another EEOC claim after the ninety day limitation expires even if the *lawsuit* was filed within that time. Under these circumstances, it is in the interest of justice that Plaintiff be allowed to amend her complaint to allege retaliation. Accordingly, Plaintiff's motion for leave to file an amended complaint to include a claim of retaliatory discharge (Doc. No. 31) is GRANTED.

    IT IS SO ORDERED.

/s/ Nancy A. Vecchiarelli<br>U.S. Magistrate Judge

Date: <u>July 21, 2005</u>