**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KATHERINE BROWN, ) | |
| ) | CASE NO. 1:03 CV 2600 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| CITY OF CLEVELAND, ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OF OPINION** |

On April 13, 2005, Plaintiff filed a Motion for Leave to Amend her Complaint to Include a Retaliatory Discharge Claim. This Court granted Plaintiff leave to amend. On May 2, 2005, Defendant City of Cleveland ("the City") filed a Motion for Summary Judgment on the retaliatory discharge claim.[1] (Doc. No. 37.) For the reasons set forth in detail below, the City's Motion for Summary Judgment (Doc. No. 37) is DENIED.

**I. Factual and Procedural Background**

On April 17, 1996, the City employed Plaintiff Katherine Brown. (Doc. No. 18, Deposition of Katherine Brown ("Brown Dep."), p. 6.) Plaintiff worked as a seasonal truck driver in

---

[1] Plaintiff's retaliation claim is the sole remaining claim in this action.

the Parks, Waste, and Streets departments until August 4, 2002. (*Id.* at 12, 13.) On August 5, 2002, the City appointed Plaintiff as a full-time truck driver, subject to the successful completion of a 120-day probationary period. (*Id.* at 13; Doc. No. 25, Exh. 1, Affidavit of Katherine Brown ("Brown Aff."), ¶ 3; Doc. No. 25, Exh. A.)

In May 2002, Plaintiff began working with William Rey ("Rey"). Plaintiff claims that she heard Rey say "I am sick of working with this f---ing bitch." Further, Plaintiff claims Rey stated: "Why don't you wear lipstick? Why don't you wear makeup? Why don't you dress like a lady? You must be hiding something under those coveralls." (Brown Aff., ¶ 8.) Plaintiff claims that she complained to her supervisor on at least three occasions that Rey verbally abused her. (Brown Aff. ¶ 8.) On July 1, 2002, Plaintiff, in the course of her employment, was backing up a truck. (*Id.*) Rey claimed that she almost hit him with the truck. (*Id.*)

On July 2, 2002, Plaintiff's supervisor held a meeting with Plaintiff, Rey, and the rest of the crew to address Plaintiff and Rey's work relationship. (*Id.* at ¶ 10.) At the meeting, Rey called Plaintiff a "piece of sh--" and a "psycho." (*Id.*) On that same date, Plaintiff filed an Incident Report with the City, alleging workplace violence due to Rey's behavior at the meeting. (Doc. No. 25, Exh. D.) On August 13, 2002, the City, including the commissioner, held a meeting to address the Incident Report. (Brown Aff. ¶ 11.) At the meeting, Rey accused Plaintiff of almost hitting him with the truck. (*Id.*) On August 28, 2002, the City discharged Plaintiff.

Plaintiff filed an Ohio Civil Rights Commission ("OCRC") and EEOC charge based on sex discrimination and retaliation. (Doc. No. 1, Exh. A.) On December 23, 2003, Plaintiff filed the instant action alleging sexual harassment based on a hostile work environment. On November 12, 2004, the

2

City filed a Motion for Summary Judgment. (Doc. No. 17.) On March 29, 2005, this Court granted the City's Motion for Summary Judgment, but allowed Plaintiff to file a motion for leave to amend her complaint to include a retaliatory discharge claim. (Doc. No. 27.)

On April 13, 2005, Plaintiff filed a Motion for Leave to Amend her Complaint to Include a Retaliatory Discharge Claim. This Court granted Plaintiff leave to amend. On May 2, 2005, Defendant City of Cleveland ("the City") filed a Motion for Summary Judgment on the retaliatory discharge claim.[2]

## II. Standard of Review

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The moving party can meet this burden in two ways: by presenting sufficient evidence to indicate there is no genuine issue of material fact; or by arguing the non-moving party, after adequate time for discovery, has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may rely on depositions, answers to interrogatories, and the like, to demonstrate that the non-moving party has no evidence to prove his case and hence that there can be no factual dispute. *See id.* at 328 (White, J., concurring). But "it is not enough to move for summary judgment . . . with a conclusory assertion that the [non-moving party] has no evidence to prove his case." *Id.*

---

[2] Plaintiff alleged in her response to the motion for summary judgment that she had alleged a retaliation claim, but the City challenged that assertion. The Court agreed with the City's view of the complaint.

3

In assessing the merits of the motion, the court shall draw all justifiable inferences from the evidence presented in the record in the light most favorable to the non-moving party. *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 245 (6th Cir.), *cert. denied*, 522 U.S. 967 (1997). The court's favorable treatment of facts and inferences, however, does not relieve the non-moving party of the responsibility "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule 56(e). *See Celotex,* 477 U.S. at 324.

An opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Further, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986).

Accordingly, viewing the evidence in the light most favorable to the non-moving party, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251.

### III. Analysis

At the outset, this Court feels compelled to comment that neither party has adequately briefed

the issues before it. The City heavily relies upon procedural issues without addressing the merits of the case in any detail and without presenting citation to facts in the record or legal argument. In fact, most of the City's arguments, if not procedural and in opposition to the filing of an amended complaint, are simply conclusory statements without citation to legal authority or the record, and without any legal analysis. Plaintiff presents her arguments in a similar posture. This alone justifies denial of the City's motion for summary judgment.

Plaintiff alleges that she was discharged in retaliation for her complaints of sexual harassment. A Title VII claim for retaliation requires the plaintiff to show: (1) he or she was engaged in activity protected by Title VII; (2) this exercise of protected rights was known to the defendant; (3) the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997). If the employer gives a "legitimate, non-discriminatory reason" for its adverse action, the employee has the burden of showing that the explanation is pretextual. *Jackson v. Pepsi-Cola, Dr. Pepper Bottling Co.*, 783 F.2d 50, 54 (6th Cir. 1986). To show pretext, the plaintiff must prove that (1) the employer's asserted reasons have no basis in fact, (2) the reasons did not in fact motivate the discharge, or, (3) if they were factors in the employer's decision, they were jointly insufficient to motivate the discharge. *See Burns v. City of Columbus*, 91 F.3d 836, 844 (6th Cir. 1996.)

**A. *Prima Facie* Case**

### 1. Protected Activity Under Title VII and the City's Knowledge

Plaintiff filed her complaint regarding Rey's alleged sexual harassment with the OCRC and

EEOC after she was terminated. The City asserts that Plaintiff was not engaged in protected activity under Title VII prior to her termination. The City further asserts that Plaintiff, prior to her termination, filed only an incident report based on Rey's workplace violence, not sexual harassment.[3] The City's argument is not persuasive.

Plaintiff has made a *prima facie* case showing she was involved in a protected activity and therefore satisfies the first prong of the *Avery Dennison* test. She alleges that (1) on at least three occasions she complained to her supervisor that Rey "sexually harassed her and was verbally abusive to her," and (2) she was discharged because of these complaints. (Amended Complaint, ¶ 9, 23; Brown Aff. ¶ 8.) *See* 42 U.S.C. 2000e-3(a) (It is an unlawful employment practice for an employer to discriminate against an employee because he or she has made a charge under this subchapter, or because he or she *has opposed any practice made an unlawful employment practice* by this subchapter.) Plaintiff engaged in protected activity under Title VII when she made these informal complaints to the City. *See EEOC v. Romeo Community Schs.*, 976 F.2d 985, 989 (6th Cir. 1992) (The Act applies to the unofficial assertion rights through complaints at work.). Further, as Plaintiff complained specifically to her immediate supervisors at the City, the City was aware that Plaintiff opposed the alleged unlawful employment practice. Thus, Plaintiff also satisfies the second prong of the *Avery Dennison* test for a retaliation claim.[4]

---

[3] In 2000, Plaintiff filed an EEOC charge for sexual harassment by fellow employee, Ike Oliver ("Oliver"). However, Plaintiff does not base her retaliation claim on this charge against Oliver, but instead on her complaints of sexual harassment by Rey.

[4] The parties do not dispute that Plaintiff satisfies the third prong of the *Avery Dennison* test, *i.e.*, the City took an employment action adverse to Plaintiff.

### 2. Causal Connection Between Protected Activity and Adverse Employment Action

The City asserts that Plaintiff cannot establish that there was a causal connection between the protected activity and the adverse employment action. In order to establish a causal connection between the protected activity and the adverse employment action, a plaintiff is required to proffer evidence sufficient to raise the inference that his or her protected activity was the likely reason for the adverse action. *Zanders v. National R.R. Passenger Corp.*, 898 F.2d 1127, 1135 (6th Cir. 1990).

Plaintiff cites to her promotion on August 5 as evidence that her job performance was satisfactory, even after her superiors knew of the truck incident. The City asserts that it terminated Plaintiff because of the truck incident and contends in a single sentence that "management" was not aware of the truck incident until it was revealed at the August 13, 2002 meeting.[5] The City also contends there is no causal connection between Plaintiff's discharge and her complaints of sexual harassment because Plaintiff complained about Rey's work place violence and not Rey's alleged sexually harassing comments. The City further argues that the internal EEO investigation regarding Plaintiff's complaints of sexual harassment against Ike Oliver was done years before her termination.

---

[5]The City does not develop this argument at all. This Court has extensively reviewed the record, and it reveals the following. Plaintiff's immediate supervisors knew of both the truck incident and Plaintiff's numerous complaints of sexual harassment before the City promoted Plaintiff, but nevertheless promoted Plaintiff. Although the record shows that Commissioner Scott is in charge of hiring, promoting, and firing employees and promoted Plaintiff on August 5, 2002, it also shows that Plaintiff's immediate supervisors played some part in the decision to promote Plaintiff and provided input to the commissioner. (*See* Deposition of Randell Scott ("Scott Dep."), pp. 25-8). Neither party has provided this Court with sufficient evidence to establish the customary decision-making process at the City for promotions, the identity of all persons having input into the decision-making process or the weight such input is accorded for all employees. This is fatal to the City's off-hand suggestion that it is entitled to summary judgment because "management" was not aware of the truck incident at the time of Plaintiff's promotion.

Finally, the City contends that Plaintiff relies only upon the chronology of events in support of her *prima facie* case. This argument is not well founded and, like the City's other arguments, takes an unduly restrictive and narrow view of the events.

Plaintiff's Amended Complaint alleges that after she began working with Rey in May of 2002, she repeatedly complained that he sexually harassed her and verbally abused her. (Amended Complaint, ¶ 9). These are the same allegations of harassment/retaliation that Plaintiff made in charges with the EEOC.[6] The City does not rebut these allegations by its mere conclusory statement that Plaintiff alleged work place violence against Rey, and not sexual harassment. Although Plaintiff's last complaint against Rey involved work place violence, she also complained about sexual harassment at a time both near to, and intertwined with, the circumstances that led to the August 13 meeting and her termination. It is undisputed that Plaintiff's termination was related to an incident arising out of her relationship with Rey. It also is undisputed that: Plaintiff's immediate supervisors, asphalt foreman Roy Malone, and district foreman, Michael Gohagan, knew of the truck incident when they held a meeting on July 2, 2002 with Rey and Plaintiff and were aware of Plaintiff's numerous complaints of harassment against Rey at that time; the immediate supervisors resolved the situation between Plaintiff and Rey by separating them in the work place; with input from Malone and Gohagan, Plaintiff was promoted on August 5, 2002; and, after the August 13 meeting, a meeting that was called to address Plaintiff's complaints of Rey's violence toward her, the City apparently revisited the decisions made by Malone

---

[6]In her charge with the EEOC, Plaintiff alleged that the July 2, 2002 meeting was held to discuss these allegations, among other things, and that Rey was suspended for five days because of his comments.

and Gohagan as to the best way to deal with the problem relationship between Rey and Plaintiff, and terminated Plaintiff. The circumstances between May and August involved a number of factors other than the truck incident-including claims of sexual harassment. Given these circumstances, along with the unrebutted allegations in the Amended Complaint (*See* Amended Complaint, ¶ 17),[7] Plaintiff has set forth a *prima facie* case of retaliation.

**B. Legitimate, Nondiscriminatory Reason for Plaintiff's Discharge and Pretext**

The City has offered a nondiscriminatory reason for Plaintiff's discharge and asserts that it terminated Plaintiff because of the truck incident between Plaintiff and Rey.[8] Plaintiff alleges that the City's stated reason is pretext for the following reasons. The City, with knowledge of the incident, promoted Plaintiff to a full-time driver position on August 5, 2002. (Amended Complaint, ¶ 17a, b.) The alleged victim of the truck incident, Rey, did not file a grievance and did not make a formal complaint about it. (*Id*. at ¶ 17c.) Plaintiff was not given notice of a pending disciplinary action prior to the August 13 meeting or given notice of a safety violation. (*Id*. at ¶ 17d.) Contrary to the City's usual practice, Plaintiff was not given a warning prior to discharge. (*Id*. at ¶ 17e). Other employees were not treated as harshly as Plaintiff. (*Id*. at ¶ 17 h). And, the documents describing the truck incident do not appear to be prepared contemporaneously with the events. (*Id*. At 17 h.).

These unrebutted allegations are sufficient to raise a genuine issue of material fact as to whether the City's asserted reason for her discharge was pretextual.

---

[7] These allegations are set forth in the section below.

[8] The City also asserts that Plaintiff should have pursued her internal union remedies. Once again, the City has not provided any legal analysis, legal citation or argument as to the legal impact of Plaintiff's failure to pursue the grievance procedure. Accordingly, this Court will not consider it.

## IV.  Conclusion

For the foregoing reasons, the City's Motion for Summary Judgment (Doc. No. 37) is DENIED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: July 21, 2005