## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| KATHERINE BROWN, | ) |
| | ) CASE NO. 1:03 CV 2600 |
| Plaintiff, | ) |
| | ) |
| v. | ) MAGISTRATE JUDGE VECCHIARELLI |
| | ) |
| CITY OF CLEVELAND, | ) |
| | ) |
| Defendants. | ) **ORDER** |

On August 29, 2005, Defendant City of Cleveland ("the City") filed a motion *in limine* to exclude all testimony and exhibits pertaining to a sexual harassment claim against Ike Oliver. (Doc. No. 49.) For the reasons set forth below, the City's motion (Doc. No. 49) is GRANTED.

In 2000, Plaintiff filed an EEO internal charge for sexual harassment by fellow employee, Ike Oliver ("Oliver"). The City resolved the charge in Plaintiff's favor. The City argues that this evidence is unfairly prejudicial against it and is irrelevant, as this Court previously found that Plaintiff did not base her retaliation claim on this charge against Oliver, but instead on her complaints of sexual harassment by fellow employee, William Rey ("Rey").[1]

The City's argument is well-taken. Under Rule 402 of the Federal Rules of Evidence, irrelevant evidence is inadmissible. Further, under Rule 403, even if evidence is relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

---

[1] *See* this Court's memorandum of opinion denying the City's motion for summary judgment on the retaliation claim. (Doc. No. 41.)

the issues, or misleading the jury. Plaintiff's retaliation claim in her amended complaint is based on her complaints against Rey. She does not refer to any complaints of sexual harassment by Oliver or any retaliation by the City for such complaints in her amended complaint. Moreover, as this Court previously found, Plaintiff carried her *prima facie* burden of retaliation with her allegations *regarding Rey*. She did not attempt to establish her *prima facie* case through complaints against Oliver. However, even if she attempted, she would have been unsuccessful. Her complaint against Oliver and her discharge were no less than 21 months apart and Plaintiff did not set forth any evidence in her opposition to the motion for summary judgment showing that the City likely retaliated due to Plaintiff's sexual harassment charge against Oliver. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001) (Temporal proximity may establish a *prima facie* case only if the temporal proximity is "very close"); *see also Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999) (Absent additional evidence, two to five months insufficient to create a triable issue of causation).

For these reasons, any evidence regarding sexual harassment complaints against Oliver is irrelevant and unfairly prejudicial to the City. Accordingly, the City's motion (Doc. No. 49) is GRANTED.

IT IS SO ORDERED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: September 8, 2005