# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KATHERINE BROWN, | ) |
| | ) CASE NO. 1:03 CV 2600 |
| Plaintiff, | ) |
| | ) |
| v. | ) MAGISTRATE JUDGE VECCHIARELLI |
| | ) |
| CITY OF CLEVELAND, | ) |
| | ) |
| Defendants. | ) **ORDER** |

On October 5, 2005, Plaintiff, *pro se*, filed a Motion to Amend Judgment pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. (Doc. No. 75.)  For the reasons set forth in detail below, Plaintiff's Motion to Amend Judgment (Doc. No. 75) is DENIED.

## I.  Background

On September 19, 2005, this Court held a jury trial on Plaintiff's claim of retaliation against Defendant City of Cleveland ("the City").  On September 21, 2005, the jury returned a verdict in favor of the City and the Court entered a judgment entry.

On October 5, 2005, Plaintiff, *pro se*, filed a Motion to Amend Judgment pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.[1]

---

[1] Under Rule 59(e), any motion to amend a judgment shall be filed no later than ten days after entry of the judgment.  This Court entered its judgment on September 21, 2005 and Plaintiff filed her motion to amend judgment on October 5, 2005, fourteen days after the judgment entry.  Accordingly, this Court will not consider Plaintiff's motion under Rule 59.

## II. Legal Standard

Under Rule 60(b), the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The plaintiff has the burden to set forth evidence establishing mistake, newly discovered evidence, fraud, void judgment, or satisfaction or release from a prior judgment. *Thompson v. Barkey*, 60 Fed. Appx. 585, 587 (6th Cir. 2003) (unpublished). Further, the motion must not merely attempt to relitigate the claims asserted in the underlying case. *Id.*

## III. Analysis

Plaintiff bases her motion to amend the judgment on newly discovered evidence, perjury, and fraud. Plaintiff claims that: (1) the City has installed cameras on the back of the trucks to protect against future lawsuits; (2) Mr. Johnson, Mr. Gohagen, Mr. Scott, Mrs. Leach, Mrs. Hayward, and Mr. Williams misrepresented the truth while under oath; (3) the City fraudulently misled her in the termination letter regarding the appeals procedure and the City was allowed to redact that section at trial; (4) and the reasons stated for her termination in the August 27, 2002 letter are misleading and a

"sham."

In regard to Plaintiff's assertion that the City recently installed cameras on the back of the trucks, she has failed to show that this evidence could not have been discovered through due diligence in time to move for a new trial. Moreover, the Court finds this evidence insufficient to amend the final judgment. Even if such evidence may establish that the City installed these cameras to prevent accidents while a truck was being backed, it lacks probative value and is irrelevant to the issue of whether the City believed Plaintiff did not intend to injury William Rey.

In regard to Plaintiff's claim that numerous witnesses committed perjury, Plaintiff provides no evidence in support of her contention. Although extremely unclear, Plaintiff states only that Commissioner Scott knew, prior to her promotion on August 5, 2002, of Rey's allegation regarding the truck incident, but testified that he performed an investigation after the "guys" told him of the incident and decided she should be terminated on August 13, 2002. Aside from this bare allegation, Plaintiff presents no evidence of fraud or perjury by any of the witnesses.

In regard to the appeals procedure in the termination letter, this Court, prior to trial, granted the City's motion *in limine* to exclude all testimony and exhibits pertaining to Plaintiff's appeals process after her termination from the City. Moreover, at trial, the parties stipulated to the redaction of the appeals section in the letter. Therefore, the Court previously addressed the exclusion of this evidence.

In regard to Plaintiff's claim that the City's reasons for her termination in the August 27, 2002 letter were misleading and a "sham," this argument is without merit. This was a matter for trial. The letter was introduced at trial and is not newly discovered evidence.

3

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend Judgment (Doc. No. 75) is DENIED.

IT IS SO ORDERED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: November 14, 2005